UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Ira Kurzban | Sarah Maloney | |

**Proceedings:** PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL (Dkt. No. 26, filed February 17, 2015)

## I. INTRODUCTION

Plaintiffs Marzieh Adab, Ian Bowles, Bei Guo, Mohammad Saeid Khorram, David Lawler, and Jing Zhang filed this action on June 16, 2014. Dkt. No. 1. ("Compl."). Plaintiffs assert claims against the United States Citizenship and Immigration Services ("USCIS"); Jeh Johnson, Secretary, U.S. Dept. Of Homeland Security; Nicholas Colucci, Chief, Immigrant Investor Program, USCIS; and Lori Scialabba, Acting Director, USCIS. Id. The gravamen of plaintiffs' complaint is that defendants acted arbitrarily and capriciously, and violated plaintiffs' due process rights, in rejecting plaintiffs' petitions for conditional legal residents status as alien entrepreneurs.

On October 20, 2014, defendants filed a motion to transfer this action to the United States District Court for the District of Columbia. Dkt. No. 20. Plaintiff filed an opposition on January 5, 2015, Dkt. No. 21, and defendants replied on January 12, 2015, Dkt. No. 22. The Court heard oral argument on that motion on January 26, 2015, and granted the motion to transfer on February 9, 2015. Dkt. No. 25.

On February 17, 2015, plaintiffs filed a motion to certify the transfer order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 26. Defendants filed an opposition on March 2, 2015, and plaintiffs replied on March 9, 2015. Dkt. Nos. 27, 28. On March 23, 2015, the Court held a hearing. As set forth below, the Court concludes that it lacks jurisdiction over the instant motion, and that even if the Court had jurisdiction, it would not certify an interlocutory appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

## II. SUMMARY OF THE COURT'S TRANSFER ORDER

The Court's February 9, 2015 order on defendants' motion to transfer first set forth factual background taken from the allegations of the complaint. Plaintiffs are non-resident aliens who applied for immigrant investor "EB-5" visas under a pilot program established to encourage investors to pool their capital through "regional centers." All plaintiffs applied for EB-5 visas, and were denied those visas by defendant USCIS. Plaintiffs' petitions were submitted to the USCIS California Service Center ("CSC") in Laguna Nigel, California, and involved investments in Riverside County, California. Two of plaintiffs' petitions were rejected by the California Service Center; four petitions were rejected by the USCIS Immigrant Investor Program Office ("IPO") located in Washington, D.C. Dkt. No. 25 at 2–3.

Defendants argued alternatively that (1) venue was improper in the Central District of California under 28 U.S.C. § 1406, and (2) transfer to the United States District Court for the District of Columbia was appropriate under 28 U.S.C. § 1404(a). The Court rejected defendants' first argument, finding that venue was proper in this judicial district because some of the adjudication of plaintiffs' petitions took place in the Central District of California, and the investments at issue were directed at Riverside County, California, which is located in this district. Id. at 5–7.

The Court then accepted defendants' argument that transfer was nevertheless appropriate under 28 U.S.C. § 1404(a). In reaching this conclusion, the Court looked to "(1) the plaintiff's choice of forum; (2) the interests of justice; (3) the convenience of the witnesses; and (4) the convenience of the parties." Id. at 8 (citing Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981)).

On the first factor, the Court found that plaintiffs' choice of forum was entitled to "minimal deference" because no plaintiff resides in the Central District of California, or indeed, in the United States, because plaintiffs had filed a putative class action, and because "many of the relevant events and omissions occurred in the District of Columbia." Id. at 9.

On the second factor, the interests of justice, the Court laid out the following factors for consideration:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

> (1) the location where relevant agreements (if any) were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1] [c] (3d ed.1997).

Dkt. No. 25 at 9–10.

Analyzing these factors, the Court first noted that plaintiffs argued that this Court is familiar with the type of case at bar, and that this action is related to another case proceeding in this district, Carlsson v. USCIS, No. 12-cv-7893-CAS-AGR (C.D. Cal. Filed Sept. 23, 2012). The Court, however, assigned little weight to the fact of the related case because Carlsson had not advanced past the pleadings stage, and only recently emerged from a multi-year stay. Dkt. No. 25 at 10. The Court then found that the respective parties' contacts with the forum weighed slightly in favor of defendants because the "majority of the challenged denials were issued from the District of Columbia IPO," because defendants asserted without contradiction that "the IPO supervised even those actions taken at the CSC office," because defendants had "strong contacts" with the District of Columbia, and because "no party resides in the Central District of California." Id. The Court noted, however, that a "significant portion of the decisionmaking occurred in the Central District of California, and the impact of the investment activities that formed the basis for plaintiffs' visa applications would be felt in this district." Therefore, the Court found that these contacts-with-forum factors "favor[ed] defendants only slightly." Id. at 10–11.

Next, the Court noted that the availability of compulsory process did not appear relevant because neither party identified any witnesses whose testimony would need to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

compelled. Id. Finally, the Court found that the ease of access to proof favored defendants because defendants asserted—and plaintiffs did not dispute—that the case would most likely be resolved on the basis of administrative records, that the IPO was the last agency component to review the relevant records, and that "discoverable materials, to the extent they will be required, are located in the District of Columbia and not in the Central District of California, since the CSC is no longer involved in adjudicating the relevant type of visa." Id. The Court acknowledged plaintiffs' argument that the location of evidence is not to be weighed heavily given modern advances in communication and transportation, and concluded that access to proof favored defendants but was "not entitled to great weight." Id. Balancing the aforementioned factors, the Court found that:

> the interests of justice weigh slightly in favor of transfer. Plaintiff's choice of forum is entitled to only minimal deference in this case, and the Court is unpersuaded that this Court or California has any special familiarity with the governing law or facts so as to weigh against transfer. Moreover, the parties' contacts with the forum, those contacts as they relate to the plaintiffs' claims for relief, and the ease of access to proof all weigh slightly in favor of defendants.

Id. at 12.

Turning to the convenience of parties and witnesses, the Court found that those two factors favored transfer because (1) agency adjudicators and officials that might be relevant witnesses are located in or near the District of Columbia, (2) any re-opening of plaintiffs' petitions would occur at the IPO, (3) the defendants are federal agencies and officials based in the District of Columbia, and no plaintiff resides in the United States, and (4) the convenience of counsel is not a factor to be considered in weighing a transfer of venue. Id. at 12. The Court noted that plaintiffs argued for discounting the weight of the convenience factors because (1) the case would likely "be resolved on cross-motions for summary judgment, obviating any need for witnesses to be present," and (2) "any necessary witnesses are employees of USCIS and can thus be compelled to appear."[1] Id.

---

[1] In tension with these representations in its brief, plaintiffs' counsel asserted for the first time at oral argument that some witnesses reside in the Central District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

The Court found that these considerations "may lessen the weight attached to the convenience factors," but that these factors still tilted "decidedly in favor of transfer." Id. at 12–13.

Weighing all of the aforementioned factors, the Court concluded that transfer was appropriate because: "plaintiffs' choice of forum is entitled to only slight deference here. The interests of justice weigh slightly in favor of transfer, and the convenience of parties and witnesses also favor transfer." Id. at 13.

## III.  LEGAL STANDARD

Certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.3d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under Section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id. at 1026; 28 U.S.C. § 1292(b). An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks and citation omitted). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." Id.

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.3d at 1026 (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)); Fukuda

---

Because of this contradiction, the Court afforded little weight to that oral representation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

v. County of Los Angeles, 630 F. Supp. 228, 299 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

IV.   ANALYSIS

   A.   **The Court Lacks Jurisdiction Over This Motion.**

   It appears that—because this action has been transferred and physically docketed in a different district court—this Court lacks jurisdiction over the instant motion.

   "Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 151 (10th Cir. 1991).[2]  In Lou v. Belzberg, 834 F.2d 730 (9th Cir. 1987), the Ninth Circuit addressed the issue of "when a transfer under 28 U.S.C. § 1404(a) becomes effective, thus terminating" the Ninth Circuit's jurisdiction. Id. at 733.  The court noted that "other circuits have held that a section 1404 transfer ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records." Id.  The court then "adopt[ed] the docketing date as the time of effective transfer." Id.[3]  The Ninth Circuit subsequently characterized

---

   [2]Accord Jones v. InfoCure Corp., 310 F.3d 529, 533 (7th Cir. 2002) ("Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court."); Starnes v. McGuire, 512 F.2d 918, 924–25 (D.C. Cir. 1974) (en banc) ("[P]hysical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer.").

   [3]Belzberg did not involve an interlocutory appeal pursuant to § 1292(b); rather, the court reviewed the transfer order in conjunction with an appeal of a preliminary injunction, basing its jurisdiction on § 1292(a). Belzberg, 834 F.2d at 733 (citing United States Aluminum Corp. v. Kawneer Co., 694 F.2d 193, 195 (9th Cir. 1982) (holding that although a transfer order could not by itself have been appealed, the circuit court could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

Belzberg as standing for the proposition that " the docketing of a case in an out-of-circuit transferee court effectively completes a section 1404(a) transfer so as to deprive [the Ninth Circuit] of appellate jurisdiction." NBS Imaging Sys., Inc. v. U.S. District Court, 841 F.2d 297, 298 (9th Cir. 1988); see also Jones v. InfoCure Corp., 310 F.3d 529, 533 (7th Cir. 2002) (characterizing Belzberg as holding "that a § 1404(a) transfer ends the jurisdiction of both the transferor court and the corresponding appellate court at the moment when the motion has been implemented and the case has been docketed by the transferee court"). District courts within this circuit have determined that they lacked jurisdiction over motions to certify for interlocutory appeal transfer orders when the case was docketed in the transferee court before that motion was filed. Perlman v. Jackson Hewitt Inc., No. CV-10-051-LRS, 2010 WL 3532681, at *1–2 (E.D. Wash. Sept. 1, 2010) ("The consensus in the Ninth Circuit Court of Appeals is that once transfer has been granted and the file docketed with the new district, the transferor court loses jurisdiction."); see also Gustafson v. Williams, No. 2:09-cv-01225-KJD-LRI, 2010 WL 4316750, at *2 (D. Nev. Oct. 25, 2010) (no jurisdiction to consider request for certification for interlocutory review filed after docketing of case in transferee court).

      In this case, the Court indicated (orally and through a tentative order) at a January 26, 2015 hearing that it intended to grant the motion to transfer, but would not do so until the possibility of further settlement efforts were explored. See Dkt. No. 23. On February 5, 2015, the Court issued a minute order stating that the magistrate judge acting as a settlement officer had concluded that further settlement would not be fruitful, and that the Court would "proceed to rule on the pending motion to transfer." Dkt. No. 24. On February 9, 2015, the Court entered an order granting the motion to transfer. Dkt. No. 25. The instant motion was filed in this Court on February 17, 2015, setting a hearing for March 23, 2015. Dkt. No. 26. Plaintiffs did not seek emergency relief, or to stay the transfer order so that they could pursue an interlocutory appeal. The electronic docket for

---

review that order tied to a proper appeal of a preliminary injunction)). The Belzberg court held that because that appeal was filed before the case was docketed in the Southern District of New York, the Ninth Circuit had appellate jurisdiction that was "not terminated by the subsequent completion of a section 1404 transfer." Id. (citing Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 869 (2d Cir. 1950)). That circumstance is, of course, lacking here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

the United States District Court for the District of Columbia indicates that the case was docketed in that court on February 20, 2015, with the docket number 1:15-cv-00248-JEB.

    The Court has been unable to find a case squarely addressing the issue of the transferor court's jurisdiction in this precise factual scenario: a motion for certification for interlocutory review filed after entry of a transfer order, but before docketing in the transferee court, where the motion was set for briefing and hearing after the case was docketed in the transferee court.[4] But because the physical transfer of a case's files, and their docketing in the transferee court, divests the transferor court of all jurisdiction (including jurisdiction to review the transfer order), it appears that this Court lacks power to decide the instant motion.

    This conclusion is further informed by persuasive out-of-circuit reasoning that "[r]egardless of the effective date of the transfer, the transferor court only retains jurisdiction if the party seeking review acts to stay the transfer 'prior to receipt of the action's papers by the clerk of the transferee court.' " In re Nw. Airlines Corp., Nos. 05-17930 (ALG), 07 Civ. 2677, 2008 WL 4755377, at *4 (S.D.N.Y. Oct. 28, 2008) (emphasis added) (citing In re Warrick, 70 F.3d 736, 739 (2d Cir. 1995)). As stated above, plaintiffs did not move for emergency relief or a stay following issuance of the February 5, 2015 minute order stating that the Court would proceed to rule on the transfer motion, or the February 9, 2015 entry of the transfer order. The Court did not stay its order, and the files were transferred to and entered in the docket of the transferee court. Therefore, the Court lacks jurisdiction to rule on the instant motion and certify its prior

---

[4] The Court did find one order written by a transferee court in which it appears that, after the transfer order was entered in the transferor court, but before transfer was physically completed, motions for reconsideration and certification for interlocutory appeal were filed in the transferor court. Schwartz v. Curtis, Civil Action No. 08-1339, 2009 WL 1346124, at *1 (W.D. La. May 7, 2009). The transferor district judge in that case denied those motions "after she had transferred the case." Id. The transferee court noted that there was a "question as to whether the [transferor court] had jurisdiction to rule on either motion," and "out of an abundance of caution," denied the motions again in a brief order. Id. at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

order for interlocutory appeal weeks after the case was docketed in a different district court. See In re Sw. Mobile Homes, Inc., 317 F.2d 65, 66 (5th Cir. 1963) (holding the transferor district court had already lost jurisdiction when plaintiff had not "seasonably moved for a stay within which to seek review either by mandamus or by appeal under 28 U.S.C.A. § 1292(b)" of transfer order); Blankenship v. Allis-Chalmers Corp., 460 F. Supp. 37, 40 (N.D. Miss. 1978) (finding no jurisdiction over motion to certify for interlocutory review filed after docketing in transfer court and noting that transfer order had not been stayed); see also In re Nw. Airlines Corp., 2008 WL 4755377, at *4 ("Given that Northwest failed to apply for a stay of the transfer during the six days that the case file remained in this district, jurisdiction over the action now rests solely in the [transferee court]. If Plaintiff seeks to return to this District, it may move for retransfer.").[5]

### B. Even If the Court Had Jurisdiction, It Would Not Find Certification for Interlocutory Review Appropriate.

Although some circuits have flatly held that § 1404(a) orders are not reviewable on interlocutory appeal,[6] the Ninth Circuit has reviewed on § 1292(b) appeal at least one denial of a motion to transfer under § 1404(a). Jones v. GNC Franchising, Inc., 211 F.3d 495, 497–99 (9th Cir. 2000) (holding district court did not abuse its discretion because it considered the appropriate factors). Still, courts generally hold that "[s]ection 1292(b) appeal will not lie when the question is whether the district court properly exercised its

---

[5]Plaintiffs may still be able to seek mandamus relief in the Ninth Circuit, which they have not yet attempted to do. See NBS Imaging, 841 F.2d 297, 297–98 (9th Cir. 1988) (reiterating that the "docketing of a case in an out-of-circuit transferee court effectively completes a section 1404(a) transfer so as to deprive this court of appellate jurisdiction," but holding that the court nevertheless had jurisdiction to issue a writ of mandamus "in extraordinary circumstances involving a grave miscarriage of justice").

[6]Standard v. Stoll Packing Corp., 315 F.2d 626, 626 (3d Cir. 1963) (holding that § 1292 "does not provide statutory authority for the review of an interlocutory order" to transfer); Bufalino v. Kennedy, 273 F.2d 71, 71–72 (6th Cir. 1959) (denial of § 1404(a) motion was "not an appealable order" under § 1292)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

discretion in applying the statute, because this issue is not a 'controlling question of law.' " Wright & Miller, Federal Practice & Procedure § 3855 (4th ed. 2008).[7] Although the Court concludes that it lacks jurisdiction over the instant motion, it would not certify an interlocutory appeal even if it had jurisdiction because plaintiffs have not identified a controlling issue of law on which there is a substantial basis for difference of opinion.

Plaintiffs' primary contention is that this Court erred in assigning minimal deference to plaintiffs' chosen forum even though significant events underlying the litigation took place in that forum. Plaintiffs contend that this departure from the substantial deference usually given to a plaintiff's choice of forum was improper under Lou v. Belzberg, 834 F.2d 730 (9th Cir. 1987). The Belzberg court stated that "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." Id. Plaintiffs appear to reason by negative implication that this statement sets forth two necessary factors, without which a court must afford substantial deference to a plaintiff's choice of forum. Plaintiffs cite no case holding that a district court erred in finding that deference to the plaintiff's choice should be reduced because the plaintiff did not reside in the relevant forum, even though some events underlying the lawsuit took place in that district. Nevertheless, plaintiffs submit that because the petitions at issue were based on investments in this district, and the denials were based largely on findings that the investments would not create the requisite amount of jobs in this district, the Court erred on an issue of controlling law by reducing the deference afforded to plaintiffs' choice of forum.

As plaintiffs acknowledge, an in-circuit district court case cited in the Court's transfer order states that "while courts generally afford considerable weight to plaintiff's choice of forums, the deference is considerably less where plaintiff does not reside in the forum where the action was commenced." Exact Identification Corp. v. Feldman Sherb

---

[7] See, e.g., Wilkins v. Erickson, 484 F.2d 969, 971 (8th Cir. 1973) (holding that a permissive interlocutory appeal may lie "[w]hen the order involves an issue of law pertaining to the power of the district court to transfer"); Garner v. Wolfinbarger, 433 F.2d 117, 120 (5th Cir. 1970) ("§ 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under § 1404(a).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

& Co, P.C., No. 05-2116, 2006 WL 236921, at *3 (E.D. Cal. Jan. 31, 2006).[8] Other in-circuit district court cases belie plaintiffs' assertion that Belzberg bars courts from reducing the deference accorded to a plaintiff's choice of forum because of the fact that the plaintiff is a non-resident. For example, one court stated that while "[a] plaintiff's choice of forum is accorded substantial weight . . . this rule is 'substantially attenuated' where the plaintiff has commenced the action in a forum that is not his or her residence." Sweet-Reddy v. Vons Comps. Inc., No. C06-06667, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007). The court separately stated, "[a]dditionally, if the plaintiff's forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice of forum will be given considerably less weight." Id. This would be an odd choice of words if the sentence from Belzberg on which plaintiffs rely laid out exclusive and necessary factors for affording a plaintiff's choice reduced deference. See also Temple v. Guardsmark LLC, No. C 09-02124 SI, 2009 WL 2997396, at *3 (N.D. Cal. Sept. 16, 2009) ("Courts also substantially reduce their deference to a plaintiff's choice of forum when the plaintiff does not reside in the forum." (emphasis added)).

The California and Ninth Circuit edition of a leading treatise states that the general rule of affording deference to a plaintiff's choice of forum "is 'substantially attenuated' where plaintiff has commenced the action in a forum that is not his or her residence. In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion." William W. Schwarzer, et al., California Practice Guide: Federal Procedure Before Trial § 4:761 (2009) (emphasis in original) (citing Piper

---

[8] Plaintiffs argue that this case is unpersuasive because it cites Belzberg, which plaintiffs (as noted above) contend "permits reduced deference only if neither the plaintiff nor the subject matter have a connection to the chosen forum." Mot. Cert. at 4 n.1 (emphasis in original). But as set forth herein, other cases support the Court's position that a court may afford reduced deference to a plaintiff's choice of forum where, among other factors, no plaintiff resides in that forum. Additionally, the Court notes that defendants cited Exact Identification Corp. in their motion to transfer for the proposition that the deference afforded a plaintiff's choice of forum is "considerably less where [the] plaintiff does not reside in the forum where the action was commenced." Dkt. No. 20 at 8. Plaintiffs did not address that case or proposition in their opposition to the transfer motion. See Dkt. No. 21 at 10–12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

Aircraft Co. v. Reyno, 454 U.S. 235, 236 (1981), and In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010)). This proposition is included in a separate subsection from the proposition that deference is reduced "[i]f the forum lacks any significant contact with the activities alleged in the complaint." Id. § 4:763. Finally, out-of-circuit cases also indicate that the fact that no plaintiff resides in the chosen forum, by itself, may be considered as a factor reducing the deference to be afforded to the plaintiff's choice. See Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) ("[W]here the plaintiff's chosen forum is not the plaintiff's home forum or lacks significant contact with the litigation, the plaintiff's chosen forum is entitled to less deference." (emphasis added)); New Image, Inc. v. Travelers Indem. Co., 536 F. Supp. 58, 59 (E.D. Pa. 1981) ("[P]laintiff invokes the well-settled rule that a plaintiff's choice of forum should be accorded substantial weight . . . . But the force of the rule is substantially attenuated where the chosen forum is not the plaintiff's place of residence."); Haeberle v. Tex. Int'l Airlines, 497 F. Supp. 1294, 1304 (E.D. Pa. 1980) ("Although a plaintiff's choice of forum should not be lightly disturbed, that choice is of lesser weight where the chosen forum is not the plaintiff's place of residence." (citations omitted)).[9]

For these reasons, plaintiffs have not shown that the Court's decision to accord reduced deference to their choice of forum is a controlling issue of law on which there is a substantial basis for difference of opinion.

Plaintiff's also argue that there is a "substantial question" on issues of controlling law concerning (1) the significance the Court accorded to the IPO's final adjudication and supervision of plaintiffs' petitions and (2) the limited weight that the Court accorded

---

[9] Acknowledging that Belzberg stated that "the named plaintiff's choice of forum is given less weight" in a class action, 834 F.2d at 739, plaintiffs also argue in a footnote that the Court should not have considered, as an additional factor counseling reduced deference, the fact that plaintiffs filed a putative class action. See Compl. ¶ 1 ("This is a class action brought by immigration investors . . . ."). Plaintiffs contend that the Court erred because plaintiffs' counsel indicated at oral argument that plaintiffs would no longer seek to certify a class, although they filed a class action complaint. But this argument is lacking in any authority suggesting that it presents a controlling question of law on which a substantial basis for opinion exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

to plaintiffs' arguments that judicial efficiency would be best served by keeping the case in this district. But (as indicated by the lack of any case citations in plaintiffs' briefing on these issues) these are arguments that the Court misapplied or misweighed the relevant factors or failed to consider relevant facts, and do not present a controlling issue of law justifying an interlocutory appeal. See A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 443 (2nd Cir. 1966) ("§ 1292(b) is not available as a means to review the grant or denial of § 1404(a) motions for incorrect evaluation of proper factors.").

Finally, plaintiffs argue that the "reluctance of courts in the District Court for the District of Columbia to host cases challenging administrative agency decisions whose effects will be felt outside Washington, D.C. gives rise to further substantial grounds for a difference of opinion regarding the propriety of transfer." Plaintiffs contend that there is "good reason to believe that the transferee District would not find itself an appropriate forum for disposition of this litigation." Mot. Cert. at 7–8. In support, plaintiffs cite two cases in which the District Court for the District of Columbia concluded that discretionary transfer to a different district was appropriate under § 1404(a). See Pac. Mar. Ass'n v. NLRB, 905 F. Supp. 2d 55, 62 n.5 (D.D.C. 2012) (transferring to Oregon a case challenging agency's adjudication of labor dispute arising out of Oregon, and noting that "[v]enue in this District is more appropriate when the action challenged is an agency rulemaking with national implications, rather than an agency adjudication of a dispute between two localized parties"); Airport Working Grp. of Orange Cnty., Inc. v. U.S. Dep't of Def., 226 F. Supp. 2d 227, 230–31 (D.D.C. 2002) (finding that plaintiff's choice of forum in the District of Columbia was due little deference where all plaintiffs were based in the Central District of California and the surplus federal property at issue was located there as well, and noting that forum shopping concerns counsel guarding against allowing plaintiffs to "manufacture venue in the District of Columbia" (citing Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993))). But simply put, the fact that the transferee court has granted transfer motions in cases involving federal agency decisions does not create a substantial basis for difference of opinion on a controlling issue of law that should be resolved through an interlocutory appeal. As plaintiffs' briefing indicates, they may make this argument to the transferee court on a motion to retransfer this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04597-CAS(AGRx) | Date | March 23, 2015 |
| Title | MARZIEH ADAB, ET AL. v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, plaintiffs' motion to certify the Court's prior transfer order for interlocutory appeal is **DENIED** for lack of jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |